**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| **VS.** | **NO. MO-13-CR-187** |
| **HAROLD BRUCE CALLAWAY** | |

**UNITED STATES'S SENTENCING MEMORANDUM**

Defendant Harold Bruce Callaway is scheduled to be sentenced on Thursday, November 14, 2013. On August 21, 2013, Defendant pled guilty to all counts of the Indictment, including four counts of production of child pornography (Counts 1, 2, 3, and 4) and two counts of production of obscene visual depiction of sexual abuse of a minor (Counts 5 and 6). This memorandum explains to the Court why the United States believes the appropriate sentence in this case is 1,920 months, which is also the recommended Guidelines sentence.

**Background**

The facts of this case are well established in the PSR. In summary, in February 2013, Defendant Callaway had unsupervised access to a five-year-old relative, during which time he took sexually explicit photos of the child over the course of two successive days. In each photo, Defendant Callaway instructed the child to lay back and spread her legs wide so that the pubic area was displayed in a lascivious manner. In at least one photo, the child is holding a dollar bill with her legs spread wide, as though Defendant Callaway enticed her to engage in these unnatural sexual positions by paying her. In most of the photos, the girl's face can also be seen. In March 2013, Defendant Callaway manipulated at least two of the photos of the child by cropping

everything out of the photo except the girl's lasciviously exposed pubic area; a clear indication of Defendant's sexual intent in taking the photographs in the first place.

## Argument

The PSR has correctly calculated Defendant's advisory Guidelines range as "life" imprisonment because his Total Offense Level is 43, the highest level contemplated by the Guidelines. Defendant Callaway is 48 years old, and the highest possible sentence on Counts 1-4 is 360 months (30 years). Due to the congressionally imposed statutory maximum, a life sentence can only be achieved through a consecutive sentence by this Court. Thankfully, the Guidelines anticipate this situation and recommend that in such situations, a sentencing court should depart from the ordinary practice of concurrent sentences on multiple counts in order to achieve a sentence as close as possible to that recommended by the Guidelines calculation process.

Section 5G1.2(d) of the United States Sentencing Guidelines states that "[i]f the sentence imposed on the count carrying the highest statutory maximum is less than the total punishment, then the sentence imposed on one or more of the other counts shall run consecutively." The Fifth Circuit has routinely upheld sentences imposing consecutive sentences in an effort to accomplish a significant sentence recommended by the Guidelines. For example, in *United States v. Fruge*, 451 F. App'x 434 (5th Cir. 2011), our Court of Appeals affirmed a 720-month sentence, under § 2G1.2(d), where the sentencing judge ran two counts of production of child pornography consecutive in order to closely approximate the Guidelines recommendation of life imprisonment. Similarly, in *United States v. Slaydon*, 360 F. App'x 538 (5th Cir. 2010), the sentencing court utilized § 2G1.2(d) to run one count of production (30-year maximum) consecutive to one count of possession of child pornography (10-year maximum) to accomplish a combined maximum of 40 years imprisonment where the Guidelines recommendation exceeded 40 years. The Fifth Circuit

affirmed that decision. Other circuits have addressed similar situations and also affirmed the use of § 2G1.2(d) to accomplish a long term of imprisonment through consecutive sentences. *See United States v. Sarras*, 575 F.3d 1191 (11th Cir. 2009) (affirming 1,200-month sentence, under § 2G1.2(d), where judge ran three 30-year production counts consecutive to one 10-year possession count); *United States v. Peck*, 496 F.3d 885 (8th Cir. 2007) (affirming 420-month sentence, under § 2G1.2(d), where judge ran one 30-year sentence for production consecutive to a sentence on possession of child pornography).

Looking solely at the images of the innocent 5-year-old that Defendant victimized is enough to justify a significant sentence of at least 60 years or more. But this Court is obligated to look at additional facts and circumstances to fashion a sentence that more appropriately addresses this particular defendant. The United States submits that the long history of Defendant's horrific sexual abuse of children is ample justification for a sentence that ensures Defendant Callaway never lives another day outside of prison. The United States provided to the Probation Officer, who in turn has provided to this Court, a copy of a letter by an adult female who was in Defendant Callaway's care for several years when she was a child. She is an adult now, but her letter paints a disturbingly vivid picture of the unconscionable trauma inflicted on her and her younger sister at the hands of Defendant Callaway. The United States will refer to this now-adult victim as Jane Doe-2, and her younger sister as Jane Doe-3.

Specifically, Jane Doe-2 explained that she was sexually abused by Defendant Callaway since the age of three, and that later in life she remembered Defendant Callaway telling her that it was her "fault this started because I touched him on the couch when I was three." Those who investigate and prosecute these kinds of cases recognize that statement for what it is: Defendant's rationalization for his sexual abuse of the victim, projected onto his victim in order to further

emotionally and mentally subjugate the victim. Jane Doe-1's letter further illustrates how Defendant Callaway utilized the abuse of the younger sister to get the older sister to be more "willing." As Jane Doe-1 stated, Defendant Callaway made her watch him put his penis between the younger sister's legs while the younger sister cried for Defendant to stop and for her older sister to help her. Jane Doe-1, feeling the empathy for her younger sister that Defendant lacked completely, stated that she "begged" Defendant to touch Jane Doe-1 rather than her younger sister who was so obviously in pain. That is additional illustration of how Defendant would justify his own behavior: Jane Doe-1 "begged" him to touch her, so she must have "wanted" it. In fact, of course, Jane Doe-1 was simply doing what any non-deviant sentient being would do: Protect a loved one even if it meant sacrificing yourself. In other words, Defendant not only succeeded in repeatedly raping these very young prepubescent girls over the course of seven years, he succeeded in convincing at least one of them to not resist.

The effects of that kind of mental manipulation is more difficult to describe, but it is equally harmful, lasting, and, indeed, debilitating. As Jane Doe-1 further explained, "I have buried so much of my childhood because I never thought this day would come that my side would actually be heard and I can't help but wonder why nothing was done to protect us." But while she says that she has buried her childhood, in reality, it lives with her daily, as evidenced by her statement that "I have the worst dreams even till this day of the things he would do." The effects of Defendant Callaway's abuse have caused her, like so many other victims of child sexual abuse, difficulty in trusting people. As Jane Doe-1 explained, "I can't find true comfort in any man I'm with because it's a constant reminder that it could be someone close to me," meaning that she was abused by Callaway, a close relative, and therefore if you cannot trust close relatives, who can you trust?

If Defendant Callaway engaged in the kind of horrific child rapes of his close relatives starting approximately 24 years ago as described by Jane Doe-1, and this many years later he is taking photos of yet another 5-year-old close relative, there is no doubt that Defendant, if he had not already, was grooming this 5-year-old to be his next victim of child rape.  Defendant Harold Bruce Callaway should be imprisoned for the rest of his life so that no other child can ever be subjected to his deviant sexual interest.  He is 48 years old and has been raping and otherwise sexually abusing children his entire adult life.  This Court has the opportunity to bring security to the community by guaranteeing that the community never has to worry about this child predator again.  This Court also has the opportunity to provide Defendant Callaway's victims with a chance at peace and closure by ensuring that Defendant Callaway receive the most severe punishment allowed under the law so that they personally are ensured that Defendant Callaway may never harm them or their children or their grandchildren.

Thanks to Section 5G1.2(d), this Court has a wide-range of options it can choose from when fashioning a just sentence for Defendant Callaway.  The Guidelines Total Offense Level of 43 means that Defendant should be subjected to a sentence of "life."  While this Court cannot technically pronounce a "life" sentence, § 5G1.2(d) not only permits, but encourages this Court to pronounce a sentence that is a close approximation of "life."  For a 48-year-old man, that sentence should be significantly more than 30 years.  Indeed, there have been examples of men in their 70s and 80s committing sexual assaults, including sexual assaults against children.  *See*, e.g., http://www.wcax.com/Global/story.asp?S=11286021  (seventy-four-year-old committed the offense of sexual assault of a child); http://www.newson6.com/story/21288282/elderly-man-accused-of-fondling-woman-at-okc-movie-theatre (81-year-old man accused of fondling woman at movie theatre); http://fox43.com/news/stories/

man-arrested-for-fondling-2-year-old-in-front-of-mother-at-wal-mart/#axzz2kXXww7q9

(70-year-old man accused of following a two-year-old child around Wal-Mart and fondling her). Even if Defendant Callaway were imprisoned long enough that he would be *less likely* to commit sexual assaults on children, the recent news articles cited above, as well as scholarly research in this area, demonstrate that sexual predators like Defendant Callaway will simply change their *modus operandus* from raping children to fondling them.   Matt Hart, *The Geriatric Sex Offender: Senile or Pedophile?*, 32 Law & Psychol. Rev. 153 (2008) ("Generally, older sex offenders engage in more passive sexual activity as compared to their younger counterparts. For example, fondling by elderly offenders is more prevalent than intercourse. Research has shown that elder offenders are more likely to commit 'nonviolent' sexual offenses such as pedophilia or exhibitionism as opposed to 'violent' offenses such as forcible rape. Specific examples of these 'nonviolent' offenses include improperly touching an acquaintance, statutory rape, exposing of the genitals (usually to a minor), and other acts of exhibitionism.")

The recommended Guidelines sentence of 1,920 months (160 years) is not an unreasonable sentence, and certainly would not be anomalous in the context of production of child pornography offenses in federal court.   Indeed, as the table below demonstrates, from Fiscal Year 2008 through April 30, 2013 (the most recent date of data), federal judges across the country have sentenced 114 defendants convicted of production of child pornography offenses to terms of imprisonment of 720 months (60 years) or more.

|   | DISTRICT | DEFENDANT'S NAME | COURT NUMBER | SENTENCE DATE (Yr-Mo-Day) | PRISON TIME (MONTHS) |
|---|---|---|---|---|---|
| 1 | ALN | Culver, Brian Scott | 5:07-CR-00009-LSC-JEO | 071026 | 720 |
| 2 | ILN | Skinner, Robert | 06-CR-00316 | 071108 | 720 |

| | | | | | |
|---|---|---|---|---|---|
| 3 | ARW | Chappell, Jr., Daniel | 5:07CR50074-001 | 081118 | 720 |
| 4 | IAS | Summage, Kerwin Lamont | 08-048 | 081124 | 720 |
| 5 | KYW | Hawkins, Jason | 06-CR-00064-M | 080506 | 720 |
| 6 | MOE | PARSONS, GREGORY LYNN | 08-CR-00518 CDP | 090707 | 720 |
| 7 | NCE | Sherwin, Daniel | 08-CR-00020-BO2 | 090305 | 720 |
| 8 | FLM | BLAGE, KENNETH | 09-CR-00584-T | 100901 | 720 |
| 9 | LAW | LOLLEY, CURTIS | 09-CR-00339 | 100827 | 720 |
| 10 | MOE | PARSONS, GREGORY LYNN | 08-CR-00518 CDP | 090707 | 720 |
| 11 | MOW | Harrison, Richard C. | 09-CR-00109 | 100310 | 720 |
| 12 | NCE | Johnston, Dennis | 09-CR-00072 | 091224 | 720 |
| 13 | ARW | Bain, Richard | 5:09CR50098 | 101022 | 720 |
| 14 | ARW | Cunningham, Michael "Jason" | 10-CR-50095 | 110318 | 720 |
| 15 | LAW | FRUGE, Shelton Peter | 10-CR-00241 | 110202 | 720 |
| 16 | MOW | Harrison, Richard C. | 09-CR-00109 | 100310 | 720 |
| 17 | NH | Goergen, Ronald | 10-CR-00117-JD | 110120 | 720 |
| 18 | MSN | Robinson, Brian | 11-CR-00049-3-A | 120710 | 720 |
| 19 | NYN | Russell, Jr., Richard | 08-CR-00545 | 111007 | 720 |
| 20 | NYN | Ketcham, Cory J. | 11-CR-00057 | 111206 | 720 |
| 21 | VAE | Cardenales, Abimael | 12-CR-00002-2 | 120723 | 720 |
| 22 | ARW | Bates, Roger | 12-CR-20010 | 121221 | 720 |
| 23 | CAE | Hernandez-Velazquez, Jose | 11-CR-00134-F | 130417 | 720 |
| 24 | NYN | Salmon, Brett | 11-CR-00364 | 121113 | 761 |
| 25 | NYW | Tyson, Joseph M. | 06-CR-06127CJS | 081112 | 780 |
| 26 | ARW | Bergthold, Brian | 5:07CR50052 | 080915 | 840 |
| 27 | GAN | HUSKEY, JAMES BARTHOLOMEW | 08-CR-00033-4 | 090309 | 840 |
| 28 | MT | Herbst, Basil | CR 07-103-BLG-JDS | 081125 | 840 |
| 29 | PAE | Eyster, Daniel | 08-CR-00618 | 090723 | 840 |
| 30 | TXN | Dickson, Bryan K. | 09-CR-00040-A-FW | 091026 | 840 |
| 31 | ARW | Cannon, William | 10-CR-50108 | 120201 | 840 |
| 32 | NYW | Luczkowiak, Roger S. | 11-CR-00392S | 120927 | 840 |
| 33 | OHN | Israel, Timothy B. | 10-CR-00347 | 111129 | 840 |
| 34 | CAS | Loftin, Corey James | 11-CR-01895-JLS | 121213 | 840 |
| 35 | INS | Armstrong, Mark | 09-CR-00012-DFH/MGN4 | 091221 | 900 |
| 36 | VAE | Martinez, Scottie Lee | 10-CR-00122 | 110220 | 960 |
| 37 | OHS | Keith, Andrew F. | 11-CR-00005-1 | 120511 | 960 |
| 38 | MT | Threadgill, Kenneth | CR 07-89-GF-SEH | 080116 | 1020 |
| 39 | CT | Sensi, Edgardo M. | 08-CR-00253 | 120209 | 1020 |
| 40 | TXE | Stewart, James Rustin | 09-CR-00159-1 | 100823 | 1080 |
| 41 | OHN | Lennard, Shawn M. | 09-CR-00444 | 101005 | 1080 |
| 42 | FLM | BRANDT JR., WESLEY | 11-CR-00058-T | 111109 | 1080 |

| | | | | | |
|---|---|---|---|---|---|
| 43 | INS | Bostic, David Ryan | 11-CR-00033 JMS-KPF1 | 120105 | 1080 |
| 44 | GAS | Rivera, Angel Luis | 11-CR-00007 | 130118 | 1080 |
| 45 | MIW | HERRICK, SCOTT ALLAN | 10-CR-00207 | 120117 | 1140 |
| 46 | FLM | SARRAS, DONATOS | 6:07-CR-92-ORL | 080410 | 1200 |
| 47 | MOE | GREENWELL, JEFFREY | 09-CR-00757 CAS | 111018 | 1200 |
| 48 | FLM | DICKERSON, IVORY | 07-CR-00150-ORL | 090407 | 1320 |
| 49 | MT | Fox, Ralph | CR 07-47-M-DWM | 081017 | 1320 |
| 50 | ILN | Boroczk, Darrick C. | 09-CR-00647 | 120110 | 1340 |
| 51 | INS | Hodge, Larry Everett | 11-CR-00007-RLY-WGH-3 | 120531 | 1380 |
| 52 | MIW | HINOJOSA, MICHAEL JAMES | 1:06-CR-93 | 080319 | 1440 |
| 53 | NYS | DAVIS, WILLIAM | 07 CR 0468 | 090824 | 1440 |
| 54 | MOE | MARTIN, MICHAEL PAUL | 09-CR-00760 JCH | 100729 | 1440 |
| 55 | NCM | Hallman, David Matthew | 12-CR-00010 | 130108 | 1440 |
| 56 | VAW | Cobler, James Robert | 12-CR-00026 | 130215 | 1440 |
| 57 | FLS | Castillo, Edgar Geovani Esquivel | 10-CR-20120-DMM | 100928 | 1560 |
| 58 | FLS | Castillo, Edgar Geovani Esquivel | 10-CR-20120-DMM | 100928 | 1560 |
| 59 | NCE | Davis, John Thomas | 09-CR-00018-BO | 090505 | 1680 |
| 60 | FLM | COWAN, ROBERT ALLAN | 09-CR-00387-J | 111208 | 1680 |
| 61 | LAM | Miller, Paul W. | 10-CR-00102-JJB-DLD | 120520 | 1680 |
| 62 | FLN | Olmeda, Keith | 09-CR-00030-01-SPM | 100209 | 1800 |
| 63 | NYN | Hamilton, Wayne | 11-CR-00555 | 121113 | 1800 |
| 64 | NH | Wright, John Allen | 11-CR-00146-SM | 130225 | 1920 |
| 65 | MOE | DEVLIN, MICHAEL | 4:07CR143 JCH | 071226 | 2010 |
| 66 | INS | Metzger, David | 09-CR-00188-LJM/KPF1 | 100525 | 2820 |
| 67 | INS | Bostic, David Ryan | 1:11-CR-027-JMS-KPF | 120113 | 3060 |
| 68 | MOE | BEASLEY, LELAND | 10-CR-00119 CEJ | 110712 | 3480 |
| 69 | ALN | Hayes, Gordon Elton | 4:07-CR-00062-IPJ-TMP | 070824 | 3720 |
| 70 | ALN | Vasiloff, Gary Steven | 4:07-CR-00337-VEH-PWG | 080204 | 3900 |
| 71 | INS | McGrath, Andrew | 1:09-CR-0169-L/F | 100517 | 4440 |
| 72 | ALN | McKim, Christine Staggs | 08-CR-00313-IPJ-RRA-2 | 091007 | 5400 |
| 73 | ALN | Hulsey, James Shawn | 08-CR-00313-IPJ-RRA-2 | 091007 | 5760 |
| 74 | ALN | Falgout III, Pierre Ernest | 6:07-CR-00157-RDP-RRA | 080620 | 11520 |
| 75 | FLM | MATTHEWS, SAMUEL | 8:07-CR-247-T | 071030 | LIFE |
| 76 | ILC | Rosenbohm, Justin | 07-10117 | 080627 | LIFE |
| 77 | KYW | Moore, James T. | 3:06CR-98-S | 080304 | LIFE |
| 78 | MN | Paton, Lyle Robert | CR06-298PJS/SRN | 071022 | LIFE |
| 79 | MT | Gallenardo, William | CR 07-04-BU-DWM | 071026 | LIFE |
| 80 | TNE | Becker, David Aaron | 3:07-CR-22 | 071026 | LIFE |
| 81 | ARW | White, Arthur | 3:09CR30001 | 090624 | LIFE |
| 82 | CAE | Harrod, Allen | 03-CR-00384-S | 090427 | LIFE |

| 83 | CAE | LaBrecque, Michael | 03-CR-00384-S | 090427 | LIFE |
|---|---|---|---|---|---|
| 84 | FLM | MATTHEWS, SAMUEL | 8:07-CR-247-T | 071030 | LIFE |
| 85 | FLN | Freeman, James Andrew | 08-CR-00022-03-LAC | 090505 | LIFE |
| 86 | FLN | Mumpower, Warren K. | 08-CR-00022-03-LAC | 090722 | LIFE |
| 87 | FLN | Lakey, Gary Wayne | 08-CR-00022-03-LAC | 090420 | LIFE |
| 88 | FLN | McGarity, Neville R. | 08-CR-00022-03-LAC | 090420 | LIFE |
| 89 | FLN | Lambert, Marvin Laverne | 08-CR-00022-03-LAC | 090420 | LIFE |
| 90 | FLN | Castleman, Daniel Scott | 08-CR-00022-03-LAC | 090420 | LIFE |
| 91 | ILS | Courtright, Carl | 07-CR-30179-DRH | 090724 | LIFE |
| 92 | ILS | Masulla, Louise | 08-CR-30234-GPM-DGW | 090731 | LIFE |
| 93 | ILS | Robinson, Tabitha D. | 08-CR-30234-GPM-DGW | 090813 | LIFE |
| 94 | ILS | Milligan, William | 08-CR-30234-GPM-DGW | 090731 | LIFE |
| 95 | LAW | Daranda, Ben | 07-CR-10022-01 | 081125 | LIFE |
| 96 | NV | Latham, Robert Myron | 06-CR-00379-LDG(GWF) | 090304 | LIFE |
| 97 | NYN | Sacco, Dean | 08-CR-00077 | 090303 | LIFE |
| 98 | PAE | Marz, Robert Paul | 07-CR-00199 | 090914 | LIFE |
| 99 | TXW | Carmony, Charles Wayne | SA08CR036 | 090224 | LIFE |
| 100 | ALM | Smith, Ricky Randall Rex | 07-CR-00183-WKW | 100402 | LIFE |
| 101 | ALN | Simons, John Lawson | 08-CR-00408-CLS-TMP-5 | 100818 | LIFE |
| 102 | INS | Rarey, Rickie | 1:09-CR-130-M/F | 100224 | LIFE |
| 103 | MIE | Frazee, James | 10-CR-20082 | 100909 | LIFE |
| 104 | ALS | McGee, Bernard | 10-CR-00162-CG | 110303 | LIFE |
| 105 | ARW | Wilson, James H. | 2:09CR20063 | 101021 | LIFE |
| 106 | FLS | Rios, Jesus | 09-CR-60054-JIC | 101227 | LIFE |
| 107 | MD | Davison, Jesse Aaron | 10-CR-00632 | 110830 | LIFE |
| 108 | MIE | Demink, Steven | 10-CR-20676 | 110926 | LIFE |
| 109 | DE | Pavulak, Paul E. | 09-CR-00043-SLR | 111014 | LIFE |
| 110 | FLS | Mozie, James | 11-CR-60121-WPD | 120625 | LIFE |
| 111 | NYN | Rood, Flay | 10-CR-00149 | 111007 | LIFE |
| 112 | MOE | GRAVENMIER, JACK E. | 12-CR-00464 JAR | 130429 | LIFE |
| 113 | MOW | Smith, Todd C. | 11-CR-05044-01 | 121221 | LIFE |
| 114 | VAE | Sebolt, Philip Michael | 12-CR-00033-3 | 130128 | LIFE |

Moreover, at least sixty-nine of those defendants were sentenced to 100 years (1200 months) or more, including one individual who was sentenced to 960 years (11,520 months), pursuant to § 5G1.2(d), and which sentence was affirmed by the court of appeals as substantively reasonable. *See United States v. Falgout*, 325 F. App'x 775 (11th Cir. Apr. 22, 2009).

Furthermore, this Court has recently sentenced a 28-year-old defendant to 72 years in a production of child pornography case.  Therefore, the United States urges this Court to adopt the Guidelines as calculated and sentence Defendant to 1,920 months by sentencing Defendant to the statutory maximum on each count and running all six counts consecutive.  Such a sentence would be procedurally reasonable as calculated under § 5G1.2(d), and substantively reasonable based upon Defendant's life-long history of raping and otherwise sexually abusing prepubescent children who are in his care, custody or control.

To the extent this Court is disinclined towards a sentence of 1,920 months, the United States urges the Court to ensure that Defendant has a very small chance of living outside of prison. Generally speaking, the Bureau of Prisons allows an inmate to receive approximately 54 days per year of "good time" credit towards a reduction in the Defendant's sentence.  *See Inmate Information Handbook 2011-2012, U.S. Department of Justice, Federal Bureau of Prisons, Federal Correctional Institution, Big Spring, Texas*, located at http://www.bop.gov/locations/institutions/big/BIG_aohandbook.pdf.  That roughly equates to approximately a 15% reduction on the defendant's sentence if he acquires all of his good time credits throughout the course of his imprisonment.  If the Court is inclined towards a round number of 100 years old as the goal for when Defendant should be eligible for release, the United States suggests running at least two of the production counts (e.g., Counts 1 and 2) consecutive in order to achieve a sentence of at least 720 months (60 years).  A sentence of 60 years, accounting for a 15% reduction through good time credit, would result in Defendant Callaway being eligible for release in about 51 years, or when he is nearly 100 years old.

WHEREFORE, premises considered, the United States asks the Court to sentence Defendant to 1,920 months in the above-referenced case.

        Respectfully submitted,

        ROBERT PITMAN
        UNITED STATES ATTORNEY


By:   /s/ Austin M. Berry
       AUSTIN M. BERRY
       Assistant United States Attorney
       400 West Illinois, Suite 1200
       Midland, Texas 79701
       432-686-4110
       432-686-4131 FAX


### Certificate of Service

I hereby certify that a true and correct copy of the foregoing was filed via CM/ECF on November 13, 2013, thereby causing a copy to be delivered via email to Defendant's Attorney, Ray Fivecoat.

        /s/ Austin M. Berry
        AUSTIN M. BERRY
        Assistant United States Attorney