**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION**

| | | |
|---|---|---|
| **HAROLD BRUCE CALLAWAY,** | § | |
| *Movant*, | § | |
| | § | **NO. MO:16-CV-054-RAJ-DC** |
| **v.** | § | **NO. MO:13-CR-187-RAJ-DC** |
| | § | |
| **UNITED STATES OF AMERICA,** | § | |
| *Respondent*. | § | |

## REPORT AND RECOMMENDATION OF THE U.S. MAGISTRATE JUDGE

BEFORE THE COURT in this federal habeas corpus proceeding is Movant Harold Bruce Callaway's ("Movant") Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody ("Motion to Vacate") (Doc. 62), Movant's Addendum to his Motion to Vacate (Doc. 69), the Government's Response to Movant's Motion to Vacate (Doc. 70), and Movant's Reply to the Government's Response. (Doc. 73). On March 14, 2016, the District Judge referred this matter to the undersigned Magistrate Judge for a Report and Recommendation including proposed Findings of Fact and Recommendations for Disposition pursuant to 28 U.S.C. § 636 and Appendix C of the Local Rules for the Assignment of Duties to the United States Magistrates. (Doc. 65). After reviewing the parties' submissions, the record of the proceedings before the District Court in the underlying criminal case, and the applicable case law, the Magistrate Judge **RECOMMENDS**, for the reasons set forth below, that Movant's Motion to Vacate be **DENIED** (Doc. 62), and that this Section 2255 proceeding be **DISMISSED**.

## I.    BACKGROUND FACTS AND PROCEDURAL HISTORY

On June 26, 2013, a federal Grand Jury in the Midland/Odessa Division of the Western District of Texas, sitting in Midland, indicted Movant on four counts of production of child

pornography in violation of 18 U.S.C. § 2251(a), and two counts of production of obscene visual depiction of sexual abuse of a child in violation of 18 U.S.C. §1466A (a)(1).  (Doc. 1).

From his arraignment until the conclusion of his sentencing hearing, Attorney Raymond Fivecoat represented Movant.  (Doc. 10). On August 21, 2013, Movant entered a knowing and voluntary guilty plea to the six-count Indictment before the undersigned U.S. Magistrate Judge without a written plea agreement.  (Docs. 19, 20, 23). As part of his guilty plea, Movant signed a written Factual Basis to support Movant's guilty plea and agreed to the facts contained therein. (Doc. 21). On December 12, 2013, a sentencing hearing was held by the District Judge.  (Doc. 38).  Movant was sentenced to three hundred and sixty (360) months imprisonment in the United States Bureau of Prisons for Counts One, Two, Three, and Four, to run consecutively and two hundred and forty (240) months imprisonment for Counts Five and Six, to run concurrently with each other and with the sentences imposed on Counts One through Four, for a total of 1,440 months (120 years) in prison. (*Id.*). On December 17, 2013, the Court entered its Judgment and Commitment. (Doc. 41).

On December 13, 2013, Movant filed notice of appeal. (Doc. 36). On December 16, 2013, Attorney Raymond Fivecoat's representation of Movant terminated and appellate counsel was appointed. (Doc. 40). On appeal, Movant contended that his sentence imposed within the range prescribed by the advisory Sentencing Guidelines is greater than necessary to satisfy the sentencing goals set forth in 18 U.S.C. § 3553(A), and therefore, was unreasonable. (Doc. 54 at 2). On December 23, 2014, the United States Court of Appeals for the Fifth Circuit affirmed the judgment of the District Court, finding that the District Court did not err in sentencing Movant. (*Id.*). On March 3, 2015, the Supreme Court of the United States denied Movant's petition for a writ of certiorari. (Doc. 55).

Movant, a federal prisoner, timely filed this Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, on February 29, 2016.  (Doc. 62).  Movant seeks to vacate his sentence. (*Id*.). On May 12, 2016, Movant filed an addendum to his Motion to Vacate. (Doc. 69). On May 20, 2016, the Government filed its Response to Movant's Motion to Vacate. (Doc. 70).  On July 15, 2016, Movant filed a reply. (Doc. 73). Therefore, this matter is ripe for disposition.

## II.   STANDARD OF REVIEW

Title 28, United States Code, Section 2255, provides relief for a convicted federal criminal defendant who can establish that either: (1) his sentence was imposed in violation of the Constitution or laws of the United States; (2) the sentencing court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack.  28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996).  "Nonconstitutional claims that could have been raised in a direct appeal, but were not, may not be asserted in a collateral proceeding."  *United States v. Payne*, 99 F.3d 1273, 1281 (5th Cir. 1996).  Relief under Section 2255 is limited to constitutional or jurisdictional errors.  *Manley v. United States*, 352 F.2d 515, 516 (5th Cir. 1965).

Following a conviction and exhaustion of the right to direct appeal, a criminal defendant is presumed to stand fairly and finally convicted.  *United States v. Shaid*, 937 F.2d 228, 231–32 (5th Cir. 1991) (en banc), *cert. denied*, 502 U.S. 1076 (1992).  Thus, Section 2255 is reserved for violations of constitutional rights and for a narrow range of errors that could not have been raised on direct appeal and would result in a complete miscarriage of justice if allowed to go uncorrected.  *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992).  A motion under

Section 2255 "may not do service for an appeal," and the movant "must clear a significantly higher hurdle than would exist on direct appeal" in order to obtain relief. *United States v. Frady*, 456 U.S. 152, 165 (1982). Even if the movant alleges an error of constitutional magnitude, he generally may not raise the issue for the first time on collateral review without showing cause for the procedural default and actual prejudice resulting from the error. *Shaid*, 937 F.2d at 232.

### III.   EVIDENTIARY HEARING

A district court may deny a Section 2255 motion without conducting any type of evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." *United States v. Rivas-Lopez*, 678 F.3d 353, 358 (5th Cir. 2012) (citing 28 U.S.C. § 2255(b)). A hearing is not required on claims based on unsupported generalizations or on conclusory or speculative claims. *United States v. Martinez*, 181 F.3d 627, 629 (5th Cir. 1999) (vague and conclusory allegations not sufficient to trigger a hearing); *United States v. Fishel*, 747 F.2d 271, 273 (5th Cir. 1984) (conclusory and speculative allegations not sufficient to warrant a hearing). In their current state, Movant's allegations fail to state a cognizable constitutional violation under 28 U.S.C. § 2255. Therefore, the undersigned recommends denial of these claims addressed in Movant's Section 2255 motion without conducting an evidentiary hearing.

### IV.   DISCUSSION

Movant asserts that he received constitutionally ineffective assistance of counsel because his attorney: (1) failed to advise Movant of the possibility of the imposition of a sentence greater than thirty years during discussions concerning his plea; (2) failed to challenge the "multiplicious Indictment, which violated the Fifth Amendment's Double Jeopardy Clause;" and     (3) failed to

challenge the Government's use of hearsay testimony at his sentencing hearing. (Doc. 62 at 4–7).

Additionally, Movant contends that:

> [u]sing the *Johnson* vagueness ruling, it is obvious that the Federal Government and the Courts of the United States are using the "materials clause" [of 18 U.S.C. § 2251(a)] as the sole range of conduct necessary to cause the conviction of [Movant] under Federal Law. It is equally clear that the application of the "materials clause" has rendered this clause vague. Therefore, [Movant's] sentence(s) and conviction(s) under this "materials clause" absent evidence under the "knows or has reason to know clause" must be reversed and vacated under *Johnson*.

(Doc. 69 at 5–6).

### A.   Movant's *Johnson* Claim

Movant asserts that his conviction under § 2251(a) should be vacated because § 2251(a) is void for vagueness under *Johnson v. United States*, 135 S.Ct. 2551 (2015). (*Id.*). Movant contends that *Johnson* should be applied to his case under *Welch v. United States*, 136 S.Ct. 1257 (2016). (*Id.*). The Supreme Court's decision in *Welch*, is irrelevant in this matter because the rule in *Johnson* does not apply to Movant's case, regardless of retroactivity. *Johnson* simply has no bearing on Movant's case because Movant's sentence was not increased under the Armed Career Criminal Act's ("ACCA") residual clause: the only provision that *Johnson* found to be unconstitutional. *See Johnson*, 135 S.Ct. at 2563 (calling into question *only* the residual clause of the ACCA). Movant received a Chapter Four Enhancement due to a pattern of conduct as part of a covered sex crime, which in no way implicates *Johnson* or *Welch*. Therefore, any *Johnson* claim in Movant's §2255 should be **DENIED**.

Alternatively, this new *Johnson* claim cannot be considered on the merits because it is time-barred under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), as it was mail-filed May 9, 2016. (Doc. 69-1 at 1). Federal Rule of Civil Procedure 15 applies in § 2255 proceedings. *United States v. Saenz*, 282 F.3d 354, 356 (5th Cir. 2002). "An amendment

of a pleading relates back to the date of the original pleading when...the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Fed. R. Civ. P. 15(c)(2). The undersigned finds that Movant's claim raised for the first time in his Amended Motion to Vacate does not relate back to his previously raised ineffective assistance of counsel claims. *See Mayle v. Felix*, 545 U.S. 644 (2005). Movant's *Johnson* claim is totally separate and distinct from those raised in the original Motion to Vacate and therefore, it does not arise from the "conduct, transaction, or occurrence" set forth in the original Motion to Vacate. Nowhere in his initial Motion to Vacate or his Memorandum in Support, both timely filed on February 29, 2016, did Movant raise anything resembling a *Johnson* issue or something attacking the validity of the statute under which he was convicted.

Furthermore, Movant's new *Johnson* claim does not concern "actual innocence" and therefore, cannot escape the application of the AEDPA time-bar. *See McQuiggin v. Perkins*, 133 S.Ct. 1924, 1928 (2013). Therefore, besides not being able to raise an issue for the first time in his Amended Motion to Vacate that he never sought leave to file, Movant is also time-barred from raising this new claim, which is ultimately inapplicable to his case. His case was not enhanced under the ACCA: the only provision found to be retroactive and applicable in *Johnson* and *Welch*. Movant may not backdoor a wholly separate, unrelated void-for-vagueness claim into his Motion to Vacate. Movant's petition for writ of certiorari from his direct appeal was denied on March 2, 2015, giving him until March 2, 2016, to file any and all claims he wished to file under the AEDPA. His May 9, 2016 Amended Motion to Vacate is clearly time-barred and as it is not a true-*Johnson* claim, does not relate back to his originally filed claims. Therefore, this

claim cannot be considered on the merits by the Court. Accordingly, the undersigned recommends this claim be **DENIED**.

### B.     Legal Standard for Ineffective Assistance of Counsel Claims

Movant's Section 2255 Motion to Vacate asserts that his sentence was imposed in violation of the Constitution due to ineffective assistance of his counsel. (Doc. 62). Claims based on ineffective assistance of counsel may be raised for the first time in a collateral proceeding, whether or not the issue could have been raised on direct appeal. *Massaro v. United States*, 538 U.S. 500, 509 (2003). The Sixth Amendment guarantees defendants the "right to effective assistance of counsel at every critical stage of the proceedings against them." *United States v Fields*, 565 F.3d 290, 293−94 (5th Cir. 2009) (quoting *Burdine v. Johnson*, 262 F.3d 336, 344 (5th Cir. 2001)). The Supreme Court in *Strickland v. Washington*, set forth the appropriate standard for establishing a claim of ineffective assistance of counsel. 466 U.S. 668 (1984). In order to prevail on an ineffective assistance of counsel claim, the movant must show: (1) that counsel's performance was deficient; and (2) that counsel's deficient performance prejudiced the defense. *Id.* at 687–91.

If the movant fails to prove one of the elements, it is unnecessary to analyze the other. *Carter v. Johnson*, 131 F.3d 452, 463 (5th Cir. 1997) ("Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim.") (citing *Strickland*, 466 U.S. at 687). Therefore, failure to establish that counsel's performance fell below an objective standard of reasonableness avoids the need to consider the issue of prejudice. *United States v. Hoskins*, 910 F.2d 309, 311 (5th Cir. 1990). Likewise, it is unnecessary to consider whether counsel's performance was deficient where there is an insufficient showing of prejudice. *Black v. Collins*, 962 F.2d 394, 401 (5th Cir. 1992).

The burden of proof is on the movant who is alleging ineffective assistance of counsel. *United States v. Chavez*, 193 F.3d 375, 378 (5th Cir. 1999) (citing *Clark v. Collins*, 19 F.3d 959, 964 (5th Cir. 1994)). In determining the merits of an alleged Sixth Amendment violation, a court "must be highly deferential" to counsel's conduct. *Strickland*, 466 U.S. at 687. Bald assertions are not enough to sustain a claim of ineffective assistance of counsel. *Sayre v. Anderson*, 238 F.3d 631, 635–36 (5th Cir. 2001). Likewise, mere conclusory allegations in support of ineffective assistance of counsel claims are insufficient, as a matter of law, to raise a constitutional issue. *Kinnamon v. Scott*, 40 F.3d 731, 735 (5th Cir. 1994). The allegations of ineffective assistance of counsel must be supported by the record. *United States v. Johnson*, 679 F.2d 54, 58–59 (5th Cir. 1982).

**1.      Deficient Performance**

To prove deficient performance, Movant must show that his attorney's conduct fell below an objective standard of reasonableness. *United States v. Juarez*, 672 F.3d 381, 385 (5th Cir. 2012) (citing *Strickland*, 466 U.S. at 688). The Court applies a strong presumption that counsel's professional conduct was objectively reasonable or might be viewed as appropriate trial strategy. *Strickland*, 466 U.S. at 689; *Kitchens v. Johnson*, 190 F.3d 698, 701 (5th Cir. 1999). Deficient performance "requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Fields*, 565 F.3d at 294 (quoting *Strickland*, 466 U.S. at 687).

**2.      Prejudice**

To demonstrate prejudice, the movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. In addition, analysis of the "prejudice" prong must

include an examination of whether counsel's performance rendered the proceedings unreliable or fundamentally unfair. *Lockhart v. Fretwell*, 506 U.S. 364, 369–72 (1993); *Day v. Quarterman*, 566 F.3d 527, 536 (5th Cir. 2009). "Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him." *Lockhart*, 506 U.S. at 372.

"Any error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Strickland*, 466 U.S. at 691. The defendant must "affirmatively prove prejudice." *Id.* at 693. This requires a showing "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687. Prejudice generally exists only if the defendant demonstrates that he would have received less jail time. *United States v. Grammas*, 376 F.3d 433, 436 (5th Cir. 2004).

## C.     Movant's Ineffective Assistance of Counsel Claims

Movant seeks to vacate his sentence on the ground that his counsel provided ineffective assistance of counsel by: (1) failing to advise Movant of the possibility of the imposition of a sentence greater than thirty years during discussions concerning his plea; (2) failing to challenge the "multiplicitous [sic] Indictment, which was in violation of the Fifth Amendment's Double Jeopardy Clause;" and (3) failing to challenge the Government's use of hearsay testimony at his sentencing hearing. (Doc. 62 at 4–7). For the reasons set forth below, the undersigned recommends that these claims be denied.

### 1.     Counsel's Alleged Failure To Advise Movant Concerning Plea Consequences

Movant claims that his counsel "advised that because there was only one victim and that the crime occurred at the same time frame that if [Movant] plead[ed] guilty to the charges that

[Movant] would only receive a maximum of 30yrs. [sic]." (Doc. 62 at 4). Additionally, Movant contends that his counsel "also advised [Movant] that the [G]overnment had already said that they would not seek more than 30yrs. [sic]." (*Id*.). Movant concludes that "[b]ased upon counsel's advise [sic] and recomendations [sic], [Movant] chose not to go to trial and risk being sentenced to 120 or more years. No reasonable person would have made an informed decision to waive trial if they were facing the exact same range of sentence without trial." (*Id*.). The Government counters that Movant received effective assistance of counsel during discussions with counsel regarding his plea. (Doc. 70 at 5). The Government argues that "[c]ontrary to Movant's claim, he was admonished of the possibility that he faced consecutive sentences for all the counts in the indictment he was pleading guilty to. Notably, Movant did not request time from the Court to discuss this information with his counsel." (*Id*. at 5–6).

"A federal court will uphold a guilty plea challenged in a habeas corpus proceeding if the plea was knowing, voluntary, and intelligent." *James v. Cain*, 56 F.2d 662, 665 (5th Cir. 1995). If the defendant fails to understand the nature of the constitutional protection he is waiving or if he has such an incomplete understanding of the charges against him that his plea cannot stand as an admission of guilt, then the guilty plea is invalid. *Id*. (citing *Henderson v. Morgan*, 426 U.S. 637, 645 n. 13 (1976)). "The critical issue in determining whether a plea was voluntary and intelligent is 'whether the defendant understood the nature and substance of the charges against him, and not necessarily whether he understood their technical legal effect.'" *Id*. (quoting *Taylor v. Whitley*, 933 F.2d 325, 329 (5th Cir. 1991), *cert. denied*, 503 U.S. 988 (1992)).

In accepting Movant's guilty plea, the Court found that Movant was "fully competent and capable of entering an informed plea, that [Movant] [was] aware of the nature of the charges and the consequences of the plea, and that the plea of guilty [was] a knowing and voluntary plea

supported by an independent basis in fact containing each of the essential elements of the offense." (Doc. 23 at 1–2). Prior to entering his plea, Movant was read the Indictment and factual basis supporting each count. (Doc. 47 at 7–10, 23–25). After the reading in court of the factual basis supporting each charge, Movant testified under oath that the factual basis accurately stated what he did and what he was pleading guilty to. (*Id*. at 25). The Court also admonished Movant that the statutory penalty range for counts one through four was a mandatory minimum fifteen years to thirty years imprisonment, and counts five and six each carried a mandatory minimum of imprisonment of five years to twenty years imprisonment. (*Id*. at 13). Importantly, Movant stated in open court and on the record that he was aware that these punishments could be ordered to be served concurrently or consecutively. (*Id*. at 14). After this, Movant freely, voluntarily, and with full knowledge of the consequences pleaded guilty. (*Id*. at 26–28).

The record shows that Movant was aware of the charges against him and the potential consequences prior to entering his guilty plea. Movant testified that he signed the plea agreement voluntarily, that no one forced him to plead guilty, that no one made any other or different promises of any kind outside of the plea agreement in an effort to induce Movant to plead guilty, and that he was pleading guilty of his own free will because he was guilty. (*Id*. at 20–23). Importantly, Movant testified that he understood that any conversations he had with his attorney or anyone else about what his potential sentence would be was nothing more than an estimate or guess, a prediction or projection. (*Id*. at 17). Movant testified that he understood that no one could accurately tell him what his eventual sentence would be and that only the District Judge would determine his ultimate sentence. (*Id*.).

"A defendant will not be heard to refute his testimony given under oath when pleading guilty." *United States v. Fuller*, 769 F.2d 1095, 1099 (5th Cir. 1985). "In cases where a

petitioner claims that he or she was denied the effective assistance of counsel at the pleading stage, these allegations must be corroborated 'by the affidavit of a reliable third person.'" *United States v. Gonzalez*, 139 F.3d 899, 900 (5th Cir. 1998) (quoting *Fuller*, 769 F.2d at 1099). As Movant has failed to provide the affidavit of a reliable third person to dispute the statements he made under oath in his plea hearing, the Court should construe his sworn statements as true. Movant's claim directly contradicts his sworn testimony at the plea hearing and he has failed to produce "independent indicia of the likely merits of [his] allegations." *Cervantes*, 132 F.2d at 1110. Because Movant's plea was voluntarily and knowingly made, as he swore to and as expressly found by the Court in the underlying criminal proceeding, any allegations that Movant unknowingly and involuntarily entered his guilty plea are unsupported by the record.  Therefore, to the extent that Movant claims his plea was unknowingly and involuntarily made, this claim should be **DENIED**.

Furthermore, to establish that he received ineffective assistance of counsel in the context of his guilty plea, a movant must show that counsel's performance was deficient and that "there is reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Bond v. Dretke*, 384 F.3d 166, 167–68 (5th Cir. 2004) (quoting *Hill*, 474 U.S. at 59). Movant testified that he had sufficient time to fully discuss his case with his counsel, that he was satisfied with his counsel's representation, and that he had no complaints concerning his counsel's representation. (Doc. 47 at 5–6). Movant stated on the record that he understood that any conversations he had with his attorney or anyone else about what his potential sentence would entail amounted to nothing more than a guess or a prediction. (*Id*. at 17). Movant testified that he understood that no one could accurately tell him what his eventual sentence would be and the District Judge alone would determine his ultimate sentence.

(*Id*.). Importantly, Movant testified that he understood that the statutory penalty ranges as stated above. (*Id*. at 13).  Movant testified that he did not have any questions concerning his potential sentence and, as stated earlier, did not request additional time to confer with his counsel concerning this matter or any other matter discussed in his plea hearing. (*Id*. at 13–20).

Movant's statements on the record under oath directly conflict with his unsworn conclusory allegations in his § 2255 motion. Again, because Movant has failed to provide the affidavit of a reliable third person to dispute the statements he made under oath in his plea hearing, the Court should construe his sworn statements as true. *See Bond*, 384 F.3d at 167–68. Movant has failed to raise any factual support for his bare contention that his counsel was deficient in failing to advise him of the possibility of receiving a sentence greater than thirty years. Movant attested that he understood his counsel's statements concerning his sentence were not binding promises, but merely predictions. Further, Movant testified that he was aware and understood the full range of punishment he faced, which held the possibility of imprisonment of greater than thirty years. And yet, even with his knowledge of the potential consequences of pleading guilty, Movant entered a guilty plea.

Further, Movant has not demonstrated how he was prejudiced by this alleged deficiency. During the plea hearing, the Court spent extensive time and effort explaining the charges and potential consequences of Movant's guilty plea. The Court read the Indictment's charges and the factual basis accompanying each charge into the record. (Doc. 47). The Court apprised Movant of the potential consequences of pleading guilty, including the mandatory minimum sentences for each charge, as well as the possibility that the sentences imposed could be ordered to be served consecutively. (*Id*.). The record shows that Movant was adequately aware of the charges and potential sentence to be imposed against him prior to the entry of his guilty plea. Movant

cannot credibly claim that the outcome of his case would have been different had his counsel advised him that he would receive a sentence of imprisonment greater than thirty years. Movant has failed to demonstrate both deficient representation and prejudice under this claim. Accordingly, the undersigned recommends this claim be **DENIED**.

### 2. Counsel's Alleged Failure To Challenge Multiplicitous Indictment

Movant alleges that his counsel was ineffective for failing to challenge the "multiplicious [sic] Indictment, which was in violation of the Fifth Amendment's Double Jeopardy Clause." (Doc. 62 at 5). Movant contends that:

> Counts 1-4 involved the same Statutory Violation of the same victim at the same proximity of time. Based upon the statute as written, the "unit of prosecution" is the use of the minor. There was only one minor "used" in this case and therefore only one count of "use of a minor." By failing to challenge the multiplicious [sic] indictment, [Movant] was subjected to and received four seperate [sic] sentences for the same single crime. (for example, if there were 2 minors in a single image, there would be 2 "uses of a minor" even if it were only a single image.) Here there was only one minor.

(*Id.*).

The Government counters that "Movant's theory and argument on this matter is incorrect and should be denied. (Doc. 70 at 12). The Government argues that "[c]ontrary to Movant's claims, these counts are not multiplicious [sic] simply because the images were created using the same victim." (*Id.* at 13). Specifically, the Government asserts that "[h]ere, Count four alleges an offense committed on another day than the offenses set out in Counts one through three. Movant's 'multiplicious['] [sic] claim would fail as to Count four on that basis alone and Movant's trial counsel would not be ineffective for filing a frivolous motion." (*Id.*).

"'Multiplicity' is charging a single offense in more than one count of an indictment." *United States v. Heath*, 970 F.2d 1397, 1401 (5th Cir. 1992) (quoting *United States v. Lemons,* 941 F.2d 309, 317 (5th Cir.1991)). "The rule against multiplicitous prosecutions stems from the

Fifth Amendment's proscription against double jeopardy." *United States v. Planck*, 493 F.3d 501, 503 (5th Cir. 2007). "The rule prevents the Government from charging a single offense in more than one count of an indictment" for caution of the "possibility that the defendant will receive more than one sentence for a single offense." *Id*. (citing *Heath*, 970 F.2d at 1401; *United States v. Swaim*, 757 F.2d 1530, 1537 (5th Cir.1985)).

Courts decide whether an indictment is multiplicitous, by determining "whether separate and distinct prohibited acts, made punishable by law, have been committed." *Id*. (quoting *Shaid*, 730 F.2d at 231). First, courts determine the "allowable unit of prosecution," which is the *actus reus* of the defendant. *Id*. (citing *United States v. Reedy*, 304 F.3d 358, 365 (5th Cir.2002); *United States v. Prestenbach*, 230 F.3d 780, 783 (5th Cir. 2000)).  To obtain a conviction under § 2251(a), the prosecution must prove that the defendant "employ[ed], use[d], persuade[d], induce[d], entice[d], or coerce[d] any minor to engage in," "had a minor assist any other person to engage in," or "transporte[d] any minor in interstate or foreign commerce…with the intent that such minor engage in, any sexually explicit conduct for the purpose of producing any visual depiction of such conduct." 18 U.S.C. § 2251(a). In response to multiple counts under § 2251(a), the Tenth Circuit held:

> we construe the statute, each use of a minor to create a visual depiction constitutes a separate and distinct violation, and thus represents the correct unit of prosecution. The inquiry as to what constitutes the correct unit of prosecution focuses in part on the identification of the key element of the federal offense….Here, we conclude that the key element of the offense is the use a minor to engage in sexually explicit conduct for the purpose of creating a visual depiction of such conduct. That conclusion is supported by the legislative history of the statute, which indicates that Congress intended to protect children from the abuse inherent in the production of pornographic materials. The fact that multiple photographs may have been sequentially produced during a single photographing session is irrelevant. Each photograph depended upon a separate and distinct use of the children….The criminal acts in the instant case were not simultaneous. Again, our conclusion that the correct unit of prosecution is each use of the children to create a visual depiction is supported by the legislative history, which

> indicates an unequivocal intent to protect children from the abuse inherent in the production of sexually explicit materials. As explained by the Supreme Court, materials depicting sexual activity by juveniles are a permanent record of the children's participation. The indictment properly charged separate counts for each of the photographs produced.

*United States v. Esch*, 832 F.2d 531, 541–42 (10th Cir. 1987), *cert. denied*, 485 U.S. 908 (1988), *cert. denied*, 485 U.S. 991 (1988) (internal footnotes, quotations, and citations omitted).

In the instant case, each image created by Movant was a separate "unit of prosecution." The different staging, poses, and taking of each photograph by Movant in the instant case are sufficient to support separate violations of the statute for each photograph produced. Therefore, the Indictment in Movant's case was not multiplicitous. Because "counsel is not required to make frivolous objections," *Williams v. United States*, 684 F.Supp.2d 807, 819 (W.D. Tex. 2010) (citing *Clark*, 19 F.3d at 966), the undersigned finds this claim to be without merit and it should be denied. "[F]ailure to raise meritless objections is not ineffective lawyering; it is the very opposite." *Wood v. Quarterman*, 503 F.3d 408, 413 (5th Cir. 2007); *see also Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990) ("This Court has made clear that counsel is not required to make futile motions or objections."). Because the Indictment in Movant's criminal case was not multiplicitous, Movant's counsel was not ineffective for failing to object to the Indictment as multiplicitous. The undersigned finds that Movant has failed to demonstrate that his trial counsel provided ineffective assistance of counsel under this claim. Moreover, because his counsel's objection to the Indictment would not have been successful, Movant has failed to demonstrate that his Counsel's failure to object to the Indictment as multiplicitous was prejudicial. Accordingly, this claim should be **DENIED**.

### 3.    Counsel's Alleged Failure To Object to Hearsay

Movant argues that his trial counsel was ineffective because he failed to challenge the Government's use of hearsay testimony at his sentencing hearing. (Doc. 62 at 6). The

Government utilized this testimony to support enhancing Movant's sentence under U.S.S.G. § 2G2.2(b)(5), "pattern of activity." (Doc. 70 at 14). Movant contends that his counsel was ineffective because his counsel "did not challenge the [G]overnment's use of hearsay testimony from alleged victims of crimes that were not charged/adjudicated, occur[r]ed more than a decade prior to the instant offense, and did not involve person(s) who were directly and/or proximately harmed as a result of the instant case before the [C]ourt." (Doc. 62 at 6). Movant alleges that "[b]ecause this was not challenged or appealed, the [C]ourt considered the heresay [sic] statements as those of a 'crime victim(s)', and justified consecutive sentences by labeling [Movant] as a 'serious serial offender', although [Movant] had less than one criminal history point in his PSI." (*Id*. at 7).

The Government counters that "Movant's counsel vigorously defended Movant during the hearing….In the end, the result was not to Movant's liking and he seeks to blame others for his criminal conduct." (Doc. 70 at 14). Further, the Government asserts that "Movant's belief that hearsay testimony and evidence is not permitted at a sentencing hearing is far off base." (*Id*. at 15). The Government concludes "[e]ven though Movant believes otherwise, his trial counsel's decision not to raise or make a frivolous objection is not ineffective assistance and is not grounds for relief under § 2255." (*Id*.).

"The appropriate standard regarding the admissibility of evidence at sentencing is substantially lower than that governing admissibility at trial." *United States v. Malone*, 828 F.3d 331, 336–37 (5th Cir.), *cert. denied sub nom. Green v. United States*, 137 S. Ct. 526 (2016) (internal citation omitted). "For purposes of sentencing, 'the court may consider relevant information without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probable

17

accuracy.'" *United States v. Gaytan*, 74 F.3d 545, 558 (5th Cir. 1996) (quoting U.S.S.G. § 6A1.3(a)). "Even uncorroborated hearsay evidence may be sufficiently reliable." *Id.* Moreover, the Federal Rules of Evidence expressly exclude sentencing hearings from the hearsay rules. Fed. R. Evid. 1101(d)(3).

Because "counsel is not required to make frivolous objections," *Williams*, 684 F.Supp.2d at 819, the undersigned finds this claim is without merit and should be denied. Again, "failure to raise meritless objections is not ineffective lawyering; it is the very opposite." *Wood*, 503 F.3d at 413. Movant has failed to demonstrate how an objection to the introduction of hearsay evidence at his sentencing hearing would have been anything other than frivolous or futile, especially in light of federal law stating the contrary. Importantly, Movant has not alleged or provided any facts supporting an allegation that the hearsay evidence presented at his sentencing hearing lacked "sufficient indicia of reliability to support its probable accuracy." *Gaytan*, 74 F.3d at 558. Movant has failed to demonstrate how his counsel's failure to object to the hearsay evidence at his sentencing hearing amounted to ineffective assistance of counsel.

Furthermore, because Movant's counsel's objection to the introduction of hearsay evidence in Movant's sentencing hearing would not have been successful, Movant has failed to demonstrate that his Counsel's failure to object to hearsay evidence was prejudicial. Because Movant has failed to demonstrate any deficiency in his Counsel's representation or prejudice suffered from this alleged deficiency, this claim should be **DENIED**.

## V.   CONCLUSION

It is the recommendation of the Magistrate Judge that Movant's Section 2255 Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody be denied on the merits

without an evidentiary hearing.  (Doc. 62).  Movant has failed to demonstrate that he is entitled to relief under 28 U.S.C. § 2255.

## VI.   CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."  28 U.S.C. § 2253(c)(1)(A).  Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability ("COA") may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).  The Supreme Court of the United States fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  In cases where a district court rejected a petitioner's constitutional claims on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Id.*; *see also, Henry v. Cockrell*, 327 F.3d 429, 431 (5th Cir. 2003).  According to the Supreme Court:

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that
>
> jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack*, 529 U.S. at 484.

It is determined that reasonable jurists could not find the dismissal of Movant's Section 2255 case on substantive or procedural grounds debatable or wrong, nor could reasonable jurists find that the issues presented are adequate to deserve encouragement to proceed further.  *Miller-*

*El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484).   Accordingly, it is recommended that the Court find that Movant is not entitled to a certificate of appealability as to his claims.

## VII.   RECOMMENDATION

The undersigned finds that Movant has failed to demonstrate that he is entitled to relief under 28 U.S.C. § 2255.  As a result, the undersigned **RECOMMENDS** that the District Court **DISMISS WITH PREJUDICE** Movant's Motion to Vacate on the merits in accordance with the preceding discussion.   It is further recommended that a certificate of appealability be **DENIED**.  Finally, it is recommended that any pending motions be **DENIED** as moot.

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

In the event that a party ***has not been served*** by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is **ORDERED** to mail such party a copy of this Report and Recommendation by certified mail return receipt requested.  Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions, or recommendations to which objections are being made; the District Court need not consider frivolous, conclusive, or general objections.  Such party shall file the objections with the Clerk of the Court and serve the objections on all other parties.  A party's failure to file such objections to the proposed findings, conclusions, and recommendations contained in this report shall bar the party from a *de novo* determination by the District Court.  Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon

grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

SIGNED this 13th day of June, 2017.

DAVID COUNTS
U.S. MAGISTRATE JUDGE